**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**BUTTE DIVISION**

| | |
|---|---|
| LAUREL D. ANGELL, | **CV-24-86-JTJ** |
| Plaintiff, | |
| v. | **MEMORANDUM** |
| THE NATURE CONSERVANCY, | **AND ORDER** |
| Defendant. | |

## I.   INTRODUCTION

### A.  Present Motion

On September 26, 2024, Defendant The Nature Conservancy (TNC) filed a Motion to Dismiss. (Docs. 7) Plaintiff Laurel D. Angell (Angell) opposes the motion. (Doc. 14)

### B.   Background

Angell worked for TNC's Idaho chapter from January 2021 until on or about February 2, 2023, when she signed a Severance Agreement between herself and TNC. (Doc. 1 at pp. 2-3)  The Severance Agreement provided Angell would receive $13,141.67 in severance pay in exchange for a release of claims she might have

1

against TNC.   Paragraph 18 of the Severance Agreement provides the following forum selection clause:

> <u>Governing Law, Jurisdiction and Venue</u>. This Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Virginia, without regard to choice of law principles. In the event of any dispute in connection with this Agreement, the venue in which said dispute will be resolved will be the Commonwealth of Virginia, Fairfax County. Employee agrees to submit to the jurisdiction of a federal court located in the Eastern District of Virginia within the Commonwealth of Virginia, Fairfax County over any suit, action or other proceeding arising out of this Agreement, or if federal jurisdiction is not possible, then the courts of the Commonwealth of Virginia, Fairfax County.

Angell filed this action on August 20, 2024, asserting the following claims: Count 1: Employment Discrimination pursuant to Title VII of the Civil Rights Act; Count 2: Employment Discrimination – Retaliation pursuant to Title VII of the Civil Rights Act; and Count 3: Equitable Rescission. (Doc. 1) TNC asserts the forum selection clause requires Angell's Complaint to be dismissed and transferred to the Eastern District of Virginia, Alexandria Division.   (Docs. 8 and 15) The Court agrees.

## II.   <u>LEGAL STANDARD</u>

In federal court, federal law applies to interpretation of forum selection clauses. *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009).  The appropriate way to enforce a forum selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*. *Atl. Marine Const. Co. v. U.S. Dist.*

2

*Court for the W. Dist. of Texas*, 571 U.S. 49, 60 (2013).  A successful motion under *forum non conveniens* requires dismissal of the case. *Id*. at 66 n.8 (2013).

Under federal law, forum selection clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be "unreasonable." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). When a contract contains a valid forum selection clause, a court must uphold the clause unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer. *Atl. Marine Const. Co*., 571 U.S. at 52. These extraordinary circumstances exist only where: (1) the clause is invalid due to fraud or overreaching; (2) enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision; or (3) trial in the contractual forum will be so gravely difficult and inconvenient that the litigant will for all practical purposes be deprived of her day in court. *M/S Bremen*, 407 U.S. at 15; *Gemini Techs., Inc. v. Smith & Wesson Corp.,* 931 F.3d 911, 915 (9th Cir. 2019).  In all but the most unusual cases, therefore, the interest of justice is served by holding parties to their bargain. *Atl. Marine Const. Co.*, 571 U.S. at 66.

## III.   DISCUSSION

The parties agree that the appropriate way to enforce a forum selection clause is through the doctrine of *forum non conveniens.*  Angell initially contends

that because her claims do not "arise out of" the Severance Agreement, the forum selection clause does not apply.  Alternatively, Angell contends that the forum selection clause should be deemed unenforceable due to fraud and as a contract of adhesion.

The Court is unpersuaded by Angell's argument that her claims do not "arise out of" the Severance Agreement.  Paragraph 21 of the Severance Agreement, entitled "Release and Waiver of Claims," provides that Angell agrees to "waive and release (TNC) from any and all past and present claims . . . arising from any act or omission occurring on or before the date that Employee (Angell) signs this Agreement . . . includ[ing] Title VII of the Civil Rights Act of 1964 . . .  and any other federal statutes or regulations."

A forum selection clause covering disputes "arising out of" a particular agreement "apply … to disputes relating to the interpretation and performance of the contract itself." *Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1086 (9th Cir. 2018); *Cape Flattery Ltd. v. Titan Mar.*, LLC, 647 F.3d 914, 922 (9th Cir. 2011).  Applying this definition to Angell's claims in Count 1, such claims "arise out of" the Severance Agreement as they directly relate to the interpretation and performance of the Severance Agreement which provides that Angell released such claims.  Further, Count 3 requests the Court to rescind the Severance Agreement.  It is axiomatic that this equitable recission claim "arises out

4

of" the Severance Agreement because without the Severance Agreement there is nothing to be rescinded.

Next, Angell bears the burden of overcoming the prima facie validity of the forum selection clause by showing one of the factors outlined in *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972), apply.  Regarding the first factor, Angell argues that the forum selection clause is invalid because she was fraudulently induced into signing the Severance Agreement through the implied promise that she would get a position with TNC in Colorado only if she resigned and agreed to sign the Severance Agreement.  (Doc. 14 at p. 5) Angell does not allege that TNC fraudulently misled her regarding the forum selection clause itself, that it inserted this clause without her knowledge, or that TNC misled her about the legal effect of this clause.  Rather, Angell's fraud allegations relate to the Severance Agreement as a whole, as opposed to the inclusion of the forum selection clause itself.

Simply alleging that one was duped into signing the contract containing a forum selection clause is not enough.  *Richards v. Lloyd's of London*, 135 F.3d 1289, 1296–97 (9th Cir. 1998).  Rather, the fraud exception only applies where it is alleged that the inclusion of the forum selection clause itself in the contract was the product of fraud or coercion; that the party relying on the forum selection clause inserted the clause without the other party's knowledge; or that the party relying on

5

the forum selection clause misled the other party about the legal effect of the forum selection clause.  *Id.*  Because Angell makes no such allegations, her claim that the forum selection clause is unenforceable because she was fraudulently induced into signing the Severance Agreement fails.

The Court further determines that Angell is unable to show that enforcement of the forum selection clause would contravene a strong public policy in Montana. Angell relies solely upon Mont. Code Ann. § 28-2-708 in support of her argument that the forum selection clause violates Montana's public policy, and that the statute's plain language renders the forum selection clause void. (Doc. 14 at p. 9)

Angell's position misapprehends the strength of the public policy she purports Mont. Code Ann. § 28-2-708 establishes.  In *Fayle v. TSYS Merchant Solutions*, LLC, 470 F.Supp.3d 1182, 1185 (D. Mont. 2020), the court held that a forum selection clause was enforceable by rejecting the very same argument Angell advances in opposition to TNC's Motion. In support of this holding, the *Fayle* court reasoned that based upon the Montana Supreme Court's interpretation and application of Mont. Code Ann. § 28-2-708 to forum selection clauses such clauses "are not presumptively void as against public policy." *Id.* Accordingly, Angell's challenge to the forum selection clause based on Mont. Code Ann. § 28-2-708 fails for the same reasons set forth in *Fayle*, and more recently in *Rattler*

*Holdings, LLC, v. United Parcel Service*, *Inc*., 505 F.Supp.3d 1076, 1082-84 (D. Mont. 2020).

Next, Angell's contention that the Severance Agreement is a contract of adhesion does not, without more, change the result. *Fayle*, 470 F.Supp.3d at1186 n.1. Angell has simply failed to meet her burden of establishing that the forum selection clause itself is unduly oppressive, unconscionable, or unreasonable. *Id*.

Angell also fails to show that "trial in the contractual forum will be so gravely difficult and inconvenient that [she] will for all practical purposes be deprived of [her] day in court." The Court agrees with TNC that Angell's choice of forum does not receive deference and, therefore, her private interest factors such as convenience and location of witnesses are irrelevant. *Alt Marine*, 571 U.S. at 63-64.

Finally, the Court agrees with TNC that Angell's retaliation claim, which allegedly arose after the date of the Severance Agreement and is therefore not subject to its terms, is inextricably related her claim of sex, gender and age discrimination alleged in Count 1 of her Complaint. To prevail on her retaliation claim, Angell must prove that she engaged in protected activity related to her sex, gender and age discrimination claims and suffered an adverse employment action as a result. Separating these claims would require two courts to consider the same

facts. Litigational convenience requires otherwise. *Sinochem Int'l Co. v. Malay Int'l Shipping Corp.,* 549 U.S. 422, 430 (2007).

**IV.    CONCLUSION**

For the reasons stated above, IT IS HEREBY ORDERED that TNC's Motion to Dismiss (Doc. 7) is GRANTED**.**   This action is DISMISSED WITHOUT PREJUDICE pursuant to the doctrine of *forum non conveniens.*

The Clerk of Court is directed to close this action.

DATED this 2nd day of December 2024.


John Johnston
United States Magistrate Judge